## Case No. 8,799.

### McGINNIS v. CARLTON.

[Abb. Adm. 570.] [1]

District Court, S. D. New York. Nov., 1849.

ADMIRALTY PRACTICE—SUM LESS THAN FIFTY DOLLARS—COSTS—APPEAL.

1. Although the libellant, in his libel, claims a sum exceeding $50, yet if upon the hearing he admits that an amount less than that sum is all that is due to him, and claims to recover only such lesser sum, he can recover only summary costs on a decree in his favor.

2. The cause would not be appealable to the circuit court in that condition of the demand.

3. This court does not tax plenary costs when the sum in dispute does not exceed $50, although the proceedings are plenary.

This was a libel in personam filed by John McGinnis, against Henry Carlton. The libellant, in his libel, advanced a claim for $55. On the hearing before the commissioner, to whom the cause was referred, the respondent claimed a deduction of $10, the propriety of which was admitted by the libellant. The claim, as litigated before the commissioner, was thus reduced to $45 only. Upon that claim the libellant prevailed. On taxation of costs, however, plenary costs were taxed in his favor, on the ground that the amount

---

[1] [Reported by Abbott Brothers.]

of his claim, proceeded upon by the libel, exceeded $50. The respondent now appealed from this taxation.

W. Newton, for appellant.

F. C. Bliss, for respondent.

BETTS, District Judge. I think this case was clearly one of summary character. It was not appealable to the circuit court. Act 1803 (2 Stat. 244). The matter in dispute between the parties was less than $50. Rule 165 must be construed in subordination to the terms of the statute, as its design was to operate on those cases which were not appealable under the act.

The supreme court holds that a plaintiff may appeal or bring error, when his suit is for an amount above the limited sum, whatever may be the recovery. Gordon v. Ogden, 3 Pet. [28 U. S.] 33. That is justly so, when the court adjudge in invitum against his demand. But it seems to me that all the determinate character of the libel is taken away, if the libellant himself, on the hearing, admits his claim to be less than $50, although he has put it nominally above that sum in his pleading. It would be sanctioning a measureless abuse to permit parties to encumber, with plenary costs, suits for the most trifling sums by alleging a demand exceeding fifty dollars, when the claim he brings before the court as his actual demand is below that sum.

Congress manifestly designed that the decisions of the district court should be final in cases where the disputed matter was only $50, and not to allow appeals on claims exceeding originally that sum, but which the libellant conceded, on the hearing, had been reduced below it by payments before his action was brought. An appeal does not lie when the matter in dispute is not $50.

If the libellant, on the trial, had persisted in the demand in his libel of $55, and the court had allowed the respondent a charge of $10 against the demand, he might, undoubtedly, take the case to the circuit court, by appeal, to have that judgment rectified. But here, all the proceedings in court show that the real demand in dispute was $45 alone. and the court cannot be blinded by a formality in pleading, to give an advantage to the libellant in the matter of costs, which the judgment he asked and received. demonstrates he is not entitled to. Had the cause been allowed, on the technical frame of the libel, to go into the circuit court, it would, undoubtedly, be regarded as cognizable there only to the end of punishing the libellant by the infliction of costs, for intruding into that court a demand only disputable in the court below.

Congress has appointed no tariff of fees for the government of admiralty courts (See note to Simpson v. Caulkins [Case No. 12,880]). Those tribunals regulate that subject at their discretion. This court directed, by rule 165, that proceedings herein for the recovery of matters in dispute, not exceeding $50, may be summary; and by rule 176, that in causes of that character, the proctor and advocate shall not be allowed to tax over $12 costs. This limitation justly applies, although the form of procedure be made plenary, when it is made manifest to the court that the action is rightly a summary one. In this case the libellant made up and claimed a bill of costs for a litigation in a plenary action, and the taxing officer allowed it to him. From that taxation the respondent appeals. I consider the allowance unauthorized in law, and overrule it. The bill must be retaxed at $12, the amount limited in a summary action.

Order accordingly.